UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCELLUS BALL,

        Plaintiff,

  v.

CITY OF DETROIT, a municipal corporation, IAN SEVERY, an individual, DONNA McCORD, an individual, and JASON ADAMS, an individual,

        Defendants.

Case No.
Hon.

_____/

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
Stephen J. Chacko (P78210)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
(313)964-1702

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Marcellus Ball, by and through his attorneys the Perkins Law Group and Law Offices of Joel B. Sklar, files this action and says:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff Marcellus Ball is a resident of, and/or transacts business in, Wayne County, Michigan which is located in this Judicial District.

2. Defendant City of Detroit is a Michigan municipal cooperation which operates the City of Detroit Police Department and transacts business in Wayne County, Michigan which is located in this Judicial District.

3. Defendant Captain Ian Severy is a member of the City of Detroit Police Department who resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

4. Defendant Lt. Donna McCord is a member of the City of Detroit Police Department who resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

5. Defendant Lt. Jason Adams is a member of the City of Detroit Police Department who resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

6. All of the individual defendant officers were acting under color of law and are being sued in their individual capacities.

7. The individual defendant officers are not entitled to qualified or any other immunity because they knowingly and intentionally violated Plaintiff's constitutional rights to which any reasonable officer would have known.

8. Venue is appropriate in this Court as all the transactions, events and occurrences which give rise to this action all took place in Wayne County, Michigan which is in this Judicial District.

9. This Court has jurisdiction over this matter pursuant to *28 USC § 1331* and *42 USC § 1983*. This Court also has pendent supplemental jurisdiction over Plaintiff's state claim pursuant to *28 USC § 1337*.

## COMMON ALLEGATIONS

10. Plaintiff Marcellus Ball realleges paragraphs 1 through 9.

11. Plaintiff Marcellus Ball is 35-year veteran of the City of Detroit Police Department where he is the Senior Sergeant assigned to the Tenth Precinct Detective Unit where his main responsibility is to handle non-fatal shootings.

12. Some officers at the Tenth Precinct are members of the Detroit Police Department's "Special Operations Unit" or "SOU."

13. SOU utilizes aggressive, "proactive" police tactics, including pretextual traffic stops, to justify otherwise unlawful searches and seizures of citizens and their personal property, particularly cell phones.

14. Plaintiff Marcellus Ball noticed that a number of persons arrested for "Carrying a Concealed Weapon--Motor Vehicle" (Mich. Compiled Laws §750.227c) were unusually high despite, in most cases, only one gun being found in the vehicle with multiple passengers.

3

15. Plaintiff Marcellus Ball suspected that some of these arrests, searches, seizures, and detentions violated the *Fourth Amendment's* prohibition against unreasonable search and seizures of citizens and their property (i.e., personal cell phones).

16. On or about May 20, 2021, Plaintiff Marcellus Ball told SOU Supervisors, Lt. Jason Adams, Sergeant Edward Brannock, and Sergeant James Wiencek of his concerns about the unconstitutional conduct by members of the Detroit Police Department.

17. Plaintiff Marcellus Ball was told by various members of the SOU and supervisors that it was an unwritten "Order" and practice to arrest everyone in the vehicle for the crime of CCW-Motor Vehicle (Mich. Compiled Laws §750.227c) when a gun was found in a vehicle, irrespective of whether anyone in the vehicle was aware of the weapon's presence or in any way responsible for the weapon.

18. Plaintiff Marcellus Ball was concerned that persons arrested pursuant to the unconstitutional Order would be wrongly detained, charged and convicted for crimes they did not commit.

19. When Plaintiff Marcellus Ball asked, SOU officers confirmed the existence, implementation, and execution of the unlawful unwritten Order.

20. On or about May 24, 2021, Plaintiff Marcellus Ball spoke to Lt. Adams about the unconstitutional Order and practice.

21. In response, Lt. Adams became extremely angry, argumentative, and falsely accused Plaintiff of not investigating his cases properly and attempting to get crime victims not to prosecute--none of which was true.

22. Afterwards, Plaintiff Marcellus Ball contacted Tenth Precinct Wayne County Assistant Prosecutors Lori Mireles-Smith, Kim Miles and Commander Jacqueline Pritchett concerning Lt. Adams' response and Plaintiff's suspicion that the Order and practice to arrest *all* citizens when a gun was found in a vehicle for CCW-Motor Vehicle (Mich. Compiled Laws §750.227c) to be unlawful.

23. On May 27, 2021, Captain Ian Severy and Lt. Donna McCord met with Plaintiff Marcellus Ball and told him he was being reassigned until further notice to the Data Quality Unit, located at Headquarters, effective at 6:00 a.m. the following morning.

24. Captain Severy ordered Plaintiff to immediately clean up his area, finish his task and leave before his overtime shift was completed.

25. Plaintiff Marcellus Ball felt betrayed and humiliated by the City of Detroit Police Department's retaliatory actions.

26. After he left the Tenth Precinct as ordered by Captain Ian Severy, Plaintiff Marcellus Ball contacted Deputy Police Chief Wilson and informed him of his retaliatory transfer.

27. Deputy Police Chief Wilson informed Plaintiff Marcellus Ball that he was unaware of the transfer.

28. Deputy Police Chief Wilson told Plaintiff Marcellus Ball all transfers of personnel assigned to the Detective Unit must be approved by him and no request for the transfer was made to him.

29. Plaintiff Marcellus Ball later learned that Captain Ian Severy and Lt. Donna McCord had circumvented the chain of command to relieve Plaintiff of his duties because he expressed his concerns regarding the unlawful Order and practice to conduct blanket searches, seizures, and arrests when a gun was found in a vehicle, irrespective of ownership, knowledge, or responsibility.

30. Plaintiff Marcellus Ball's work environment became increasingly hostile and threatening causing him, among other things, hardship, and distress.

## COUNT I

### RETALIATION IN VIOLATION OF MARCELLUS BALL'S *FIRST AMENDMENT* FREE SPEECH RIGHTS.

31. Plaintiff Marcellus Ball restates the allegations above word for word and paragraph for paragraph.

32. The *First Amendment* to the United States Constitution guarantees all citizens, including public employees, the right to free speech.

33. Plaintiff Marcellus Ball engaged in protected activity under the *Free Speech Clause* when he spoke out on matters of significant public concern, *i.e.,* an

6

unwritten Order and practice for officers to conduct unconstitutional searches, seizures, and arrests of citizens, as described above.

34. When Plaintiff Marcellus Ball spoke out as described herein and exercised his *Free Speech* rights, he did so as a citizen speaking out on matters of significant public concern, *i.e.,* unlawful searches, seizures, and arrests of citizens by law enforcement.

35. It was not part of Plaintiff Marcellus Ball's ordinary job duties to question, criticize, dispute, or determine the constitutionality of the subject Order or practice.

36. Defendants Captain Ian Severy, Lt. Jason Adams and Lt. Donna McCord knew of Plaintiff Marcellus Ball's protected activity.

37. Defendants Captain Ian Severy, Lt. Jason Adams and Lt. Donna McCord retaliated against Plaintiff Marcellus Ball because of his protected activity.

38. Defendants Captain Ian Severy, Lt. Jason Adams and Lt. Donna McCord retaliated against Plaintiff Marcellus Ball when they took adverse employment actions against him because of his protected activity, including, among other things, creating a retaliatory hostile environment, conducting bogus investigations, denying him overtime, threatening him with adverse employment actions, treating him more harshly and differently from similarly situated employees,

7

and intentionally engaging in other unlawful conduct to punish and silence Plaintiff Marcellus Ball which would deter a person of ordinary firmness from speaking out.

39.    A causal connection exists between Plaintiff Marcellus Ball's protected activity and the adverse employment actions visited upon him by Defendants Captain Ian Severy, Lt. Jason Adams and Lt. Donna McCord.

40.    Defendants, Captain Ian Severy's, Lt. Jason Adams' and Lt. Donna McCord's actions were intentional, deliberate, and motivated by Plaintiff Marcellus Ball's protected speech.

41.    Plaintiff Marcellus Ball's interest in free speech outweighed his employer's interest in efficiency under the *Pickering* balancing test.

42.    As a direct and proximate result of Defendants Captain Ian Severy's, Lt. Jason Adam's and Lt. Donna McCord's wrongful acts and omissions, Plaintiff Marcellus Ball suffered economic loss, lost wages, and non-economic injuries, including but not limited to, mental anguish, physical and emotional distress, humiliation, mortification, outrage, embarrassment, anxiety, depression, degradation, fear, loss of the enjoyments of life, loss of earnings, and other damages which will continue throughout and beyond this litigation.

## COUNT II

### *MONELL* CLAIM AGAINST DEFENDANT CITY OF DETROIT FOR THE VIOLATION OF PLAINTIFF'S *FIRST AMENDMENT FREE SPEECH* RIGHTS

43. Plaintiff Marcellus Ball restates the allegations above word for word and paragraph for paragraph.

44. At the time of the constitutional deprivations described above, Defendant City of Detroit had an illegal policy or custom of retaliating against and attempting to silence employees, like Plaintiff Marcellus Ball, who exercised their clearly established *First Amendment* constitutional rights to speak out as citizens on matters of substantial public concern, as described above.

45. At the time of the constitutional deprivations described above, Defendant City of Detroit failed to properly supervise or train its department heads, policy makers, employees and/or agents concerning violations of its employees' civil rights and legal requirement to refrain from acts of retaliation because of complaints or concerns voiced by employees, as Plaintiff Marcellus Ball voiced his concerns in this case.

46. As a direct and proximate result of Defendant City of Detroit Police Department wrongful acts and omissions, Plaintiff Marcellus Ball suffered economic loss, lost wages, and non-economic injuries, including but not limited to, mental anguish, physical and emotional distress, humiliation, mortification, outrage,

embarrassment, anxiety, depression, degradation, fear, loss of the enjoyments of life, loss of earnings, and other damages which will continue throughout and beyond this litigation.

## COUNT III

### VIOLATION OF MICHIGAN'S WHISTLEBLOWER PROTECTION ACT

47. Plaintiff Marcellus Ball restates the allegations above word for word and paragraph for paragraph.

48. Defendants City of Detroit, Captain Ian Severy, Lt. Jason Adams and Lt. Donna McCord are all "employers" and "public bodies" covered under Michigan's Whistleblower Protection Act (WPA), being M.C.L. §15.361, *et seq.*

49. Plaintiff Marcellus Ball is an employee covered under the WPA.

50. Pursuant to M.C.L. §15.362:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

51. Plaintiff Marcellus Ball engaged in protected activity under the WPA when he reported to his public employer his suspicions of illegal activity and

constitutional violations visited upon citizens by the unlawful "Order" described above.

52. Defendants City of Detroit Police Department, Captain Ian Severy, Lt. Jason Adams, and Lt. Donna McCord knew of Plaintiff Marcellus Ball's protected activity because he told them.

53. Defendants City of Detroit, Captain Ian Severy, Lt. Jason Adams, and Lt. Donna McCord discriminated against Plaintiff Marcellus Ball concerning the terms and conditions of his employment and visited adverse employment actions upon him because of his protected activity.

54. As a direct and proximate result of Defendants City of Detroit, Captain Ian Severy's, Lt. Jason Adams', and Lt. Donna McCord's wrongful acts and omissions, Plaintiff Marcellus Ball suffered economic loss, lost wages, and non-economic injuries, including but not limited to, mental anguish, physical and emotional distress, humiliation, mortification, outrage, embarrassment, anxiety, depression, degradation, fear, loss of the enjoyments of life, loss of earnings, and other damages which will continue throughout and beyond this litigation.

## RELIEF SOUGHT

**PLAINTIFF MARCELLUS BALL REQUESTS** that this Court enter judgment against Defendants as follows:

1. Legal relief

    a.    a judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;

    b.    compensatory damages in whatever amount he is found to be entitled;

    c.    punitive and exemplary damages commensurate with the wrong and Defendants' ability to pay; and

    d.    an award of interest, costs and attorney fees as provided in the above referenced statutes and their counterparts.

2. Equitable relief

    a.    an injunction prohibiting any further acts of retaliation or discrimination;

    c.    an award of interest, costs, and reasonable fees; and

    d.    whatever other equitable relief appears appropriate at the time of trial.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
Stephen Chacko (P78210)
THE PERKINS LAW GROUP, PLLC
615 Griswold, Suite 400
Detroit, MI 48226
(313) 964-1702
Attorneys for Plaintiff

Dated: July 16, 2021

## **DEMAND FOR JURY TRIAL**

Plaintiff Marcellus Ball demands a jury trial of this cause of action.

                                                             Respectfully submitted,

                                                             *s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
Stephen Chacko (P78210)
THE PERKINS LAW GROUP, PLLC
615 Griswold, Suite 400
Detroit, MI 48226
(313) 964-1702

Dated: July 16, 2021                    Attorneys for Plaintiff