**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARCELLUS BALL,

      Plaintiff,

v.

CITY OF DETROIT, a municipal corporation, IAN SEVERY, an individual, DONNA McCORD, an individual, and JASON ADAMS, an individual,

      Defendants.

Case No. 21-11653
Hon. David M. Lawson
Magistrate Judge: Kimberly G. Altman

---

| | |
|---|---|
| JOEL B. SKLAR (P38338)<br>LAW OFFICES OF JOEL B. SKLAR<br>Attorney for Plaintiff<br>500 Griswold, Suite 2450<br>Detroit, MI 48226<br>Phone:(313) 963-4529<br>Fax: (313) 313-963-9310<br>joel@joelbsklarlaw.com<br><br>TODD RUSSELL PERKINS (P55623)<br>STEPHEN J. CHACKO (P78210)<br>PERKINS LAW GROUP, PLLC<br>Attorneys for Plaintiff<br> 615 Griswold, Suite 400<br>Detroit, MI 48226<br>Phone:(313) 964-1702<br>tperkins@perkinslawgroup.net<br>sjchacko@perkinslawgroup.net | ANDRAE D. SMITH (P69153)<br>LETITIA C. JONES (P52136)<br>CITY OF DETROIT LAW DEPT.<br>Attorneys for Defendant City of Detroit<br>2 Woodward Avenue, Suite 500<br>Detroit, MI 48226<br>Phone:(313) 237-3088 / (313) 237-3002<br>Fax: (313) 224-5505<br>smithand@detroitmi.gov<br>jonelc@detroitmi.gov |

**<u>DEFENDANT CITY OF DETROIT ANSWER and SPECIAL &</u>**
**<u>AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT and</u>**
**<u>RELIANCE ON JURY DEMAND</u>**

1

Pursuant to the Federal Rules of Civil Procedure, Defendant City of Detroit, by and through the undersigned counsel, submits its Answer & Affirmative Defenses in response to Plaintiff's Complaint that was filed on July 16, 2021, and state as follows:

### JURISDICTIONAL ALLEGATIONS

1. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 1 and therefore leaves Plaintiff to his proofs.

2. Defendant, City of Detroit, admits the allegations of paragraph 2.

3. Defendant, City of Detroit, admits that Captain Ian Severy is a member of the Detroit Police Department and upon information and belief, he resides in Wayne County; as to the remainder of the allegations in paragraph 3, it neither admits nor denies, leaving Plaintiff to his proofs.

4. Defendant, City of Detroit, admits that Lieutenant Donna McCord is a member of the Detroit Police Department; as to the remainder of the allegations in paragraph 4, it neither admits nor denies, leaving Plaintiff to his proofs.

5. Defendant, City of Detroit, admits that Lieutenant Jason Adams is a member of the Detroit Police Department and upon information and belief, he resides in Wayne County; as to the remainder of the allegations in paragraph 5, it neither admits nor denies, leaving Plaintiff to his proofs.

6. Defendant, City of Detroit, neither admits nor denies the remaining allegations of paragraph 6 as it seeks a legal conclusion for which no answer is required.

7. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 7, as it seeks a legal conclusion for which no response is required.

8. Defendant, City of Detroit admits that venue is appropriate.

9. Defendant, City of Detroit, admits that based on the counts set forth below, jurisdiction is proper under 28 USC §1331 and 28 USC §1337.

## COMMON ALLEGATIONS

10. Defendant, City of Detroit, repeats and incorporates its answers to paragraphs 1-9 as if fully restated herein.

11. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 11 and therefore leaves Plaintiff to his proofs.

12. Defendant, City of Detroit, admits the allegations of paragraph 12.

13. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 13 and therefore leaves Plaintiff to his proofs.

14. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 14 and therefore leaves Plaintiff to his proofs.

15. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 15 and therefore leaves Plaintiff to his proofs.

16. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 16 and therefore leaves Plaintiff to his proofs.

17. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 17 and therefore leaves Plaintiff to his proofs.

18. Defendant, City of Detroit, cannot attest to Plaintiff's state of mind, but neither admits nor denies the allegations of paragraph 18 and therefore leaves Plaintiff to his proofs.

19. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 19 and therefore leaves Plaintiff to his proofs.

20. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 20 and therefore leaves Plaintiff to his proofs.

21. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 21 and therefore leaves Plaintiff to his proofs.

22. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 22 and therefore leaves Plaintiff to his proofs.

23. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 23 and therefore leaves Plaintiff to his proofs.

24. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 24 and therefore leaves Plaintiff to his proofs.

25. Defendant, City of Detroit, cannot attest to Plaintiff's state of mind, but neither admits nor denies the allegations of paragraph 25 and therefore leaves Plaintiff to his proofs.

26. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 26 and therefore leaves Plaintiff to his proofs.

27. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 27 and therefore leaves Plaintiff to his proofs.

28. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 28 and therefore leaves Plaintiff to his proofs.

29. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 29 and therefore leaves Plaintiff to his proofs. Further, the allegations contained in paragraph 29 call for a legal conclusion for which no response is required.

30. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 30 and therefore leaves Plaintiff to his proofs.

## COUNT I
## RETALIATION IN VIOLATION OF MARCELLUS BALL'S FIRST AMENDMENT FREE SPEECH RIGHTS.

31. Defendant, City of Detroit, repeats and incorporates its answers to paragraphs 1-30 as if fully restated herein.

32. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 32, as it calls for a legal conclusion for which no response is required.

33. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 33 as it calls for a legal conclusion for which no response is required.

34. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 34, as it calls for a legal conclusion for which no response is required.

35. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 35 and therefore leaves Plaintiff to his proofs.

36. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 36 and therefore leaves Plaintiff to his proofs.

37. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 37 and therefore leaves Plaintiff to his proofs.

38. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 38 and therefore leaves Plaintiff to his proofs. Further, the allegations contained in paragraph 38 call for a legal conclusion for which no response is required.

39. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 39 and therefore leaves Plaintiff to his proofs. Further, the allegations contained in paragraph 39 call for a legal conclusion for which no response is required.

40. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 40 and therefore leaves Plaintiff to his proofs. Further, the allegations contained in paragraph 40 call for a legal conclusion for which no response is required.

41. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 41, as it calls for a legal conclusion for which no response is required.

42. Defendant, City of Detroit, denies the allegations of paragraph 42 as untrue. Further, the allegations contained in paragraph 42 call for a legal conclusion for which no response is required.

## COUNT II
## ___MONELL___ CLAIM AGAINST DEFENDANT
## CITY OF DETROIT FOR THE VIOLATION OF PLAINTIFF'S
## FIRST AMENDMENT FREE SPEECH RIGHTS.

43. Defendant, City of Detroit, repeats and incorporates its answers to paragraphs 1-42 as if fully restated herein.

44. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 44 and therefore leaves Plaintiff to his proofs. Further, the allegations contained in paragraph 44 call for a legal conclusion for which no response is required.

45. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 45 and therefore leaves Plaintiff to his proofs. Further, the allegations contained in paragraph 45 call for a legal conclusion for which no response is required.

46. Defendant, City of Detroit, denies the allegations of paragraph 46 as untrue. Further, the allegations contained in paragraph 46 call for a legal conclusion for which no response is required.

## COUNT III
## VIOLATION OF MICHIGAN'S
## WHISTLEBLOWER PROTECTION ACT.

47. Defendant, City of Detroit, repeats and incorporates its answers to paragraphs 1-46 as if fully restated herein.

48. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 48, as it calls for a legal conclusion for which no response is required.

49. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 49, as it calls for a legal conclusion for which no response is required.

50. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 50, as it calls for a legal conclusion for which no response is required.

51. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 51 and therefore leaves Plaintiff to his proofs. Further, the allegations contained in paragraph 51 call for a legal conclusion for which no response is required.

52. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 52 and therefore leaves Plaintiff to his proofs. Further, the allegations contained in paragraph 52 call for a legal conclusion for which no response is required.

53. Defendant, City of Detroit, neither admits nor denies the allegations of paragraph 53 and therefore leaves Plaintiff to his proofs. Further, the allegations contained in paragraph 53 call for a legal conclusion for which no response is required.

54. Defendant, City of Detroit, denies the allegations of paragraph 54 as untrue. Further, the allegations contained in paragraph 54 call for a legal conclusion for which no response is required.

## **RELIEF SOUGHT**

Defendant, City of Detroit, requests that this Honorable Court deny Plaintiff's alleged right to the legal relief sought in paragraph 1, subsections a - d; and the equitable relief sought in paragraph 2, subsections a - d.

## **RELIANCE ON JURY DEMAND**

WHEREFORE, Defendant respectfully request this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice, deny each and every prayer for relief, and award costs and attorney's fees in favor of the Defendant.

Defendant City of Detroit relies upon the jury demand filed by Plaintiff.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

/s/*Andrae D. Smith*
Andrae D. Smith (P69153)

/s/*Letitia C. Jones*
Letitia C. Jones (P52136)

Attorneys for Defendant
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3088 / (313) (313) 237-3002
smithand@detroitmi.gov

Dated: August 30, 2021          jonelc@detroitmi.gov

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARCELLUS BALL,

        Plaintiff,

v.

CITY OF DETROIT, a municipal corporation, IAN SEVERY, an individual, DONNA McCORD, an individual, and JASON ADAMS, an individual,

        Defendants.

Case No. 21-11653
Hon. David M. Lawson
Magistrate Judge: Kimberly G. Altman

---

| | |
|---|---|
| JOEL B. SKLAR (P38338)<br>LAW OFFICES OF JOEL B. SKLAR<br>Attorney for Plaintiff<br>500 Griswold, Suite 2450<br>Detroit, MI 48226<br>Phone: (313) 963-4529<br>Fax: (313) 313-963-9310<br>joel@joelbsklarlaw.com<br><br>TODD RUSSELL PERKINS (P55623)<br>STEPHEN J. CHACKO (P78210)<br>PERKINS LAW GROUP, PLLC<br>Attorneys for Plaintiff<br> 615 Griswold, Suite 400<br>Detroit, MI 48226<br>(313) 964-1702<br>tperkins@perkinslawgroup.net<br>sjchacko@perkinslawgroup.net | ANDRAE D. SMITH (P69153)<br>LETITIA C. JONES (P52136)<br>CITY OF DETROIT LAW DEPARTMENT<br>Attorneys for Defendant City of Detroit<br>2 Woodward Avenue, Suite 500<br>Detroit, MI 48226<br>Phone: (313) 237-3088 / (313) 237-3002<br>Fax: (313) 224-5505<br>smithand@detroitmi.gov<br>jonelc@detroitmi.gov |

## DEFENDANT CITY OF DETROIT SPECIAL & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant CITY OF DETROIT, by and through the undersigned counsel, pursuant to all applicable Federal and Michigan Court Rules, submits the following in its Special & Affirmative Defenses in Response to Plaintiff's Complaint:

1. Plaintiff fails to state a claim upon which relief may be granted

2. There are no genuine issues of material fact and Plaintiff's lawsuit fails as a matter of law.

3. Plaintiff's claim may be barred by the statute of limitations.

4. Plaintiff's claim may be barred by governmental immunity.

5. Plaintiff's claims may be barred by qualified immunity.

6. Plaintiff cannot show that defendant violated any established right under the Constitution or laws of the US or any political subdivision or any act of Congress providing for the protection of civil rights.

7. Plaintiff cannot make a showing that he engaged in protected activity.

8. Plaintiff cannot show a causal connection between his alleged reporting and any alleged adverse employment action taken against him.

9. Plaintiff cannot show that he suffered an adverse employment action.

10. Plaintiff cannot show that Defendant, City of Detroit's legitimate business judgment was retaliatory.

11. Every employment action taken regarding Plaintiff was legitimate, warranted and free from any retaliatory action.

12. Plaintiff's claims may be barred for a failure to exhaust administrative and/or contractual remedies.

13. Plaintiff's claim fails to establish a prima facie case of a violation of the Whistleblower's Protection Act (WPA), pursuant to MCL 15.361.

14. At all times, Defendant acted properly and in compliance with the cited statutes, collective bargaining agreements, rules and regulations.

15. Plaintiff suffered no damages or nominal damages, or both.

16. Defendant, City of Detroit, is a municipal entity and cannot be held liable for punitive damages under 42 U.S.C. § 1983.

17. Defendant demands that Plaintiff reply to each and every affirmative defense, set forth by Defendant, with factual basis and any supporting documents.

18. Defendant reserves the right to amend and/or supplement its special and affirmative defenses throughout these proceedings up to and including trial.

WHEREFORE, Defendant respectfully request this Honorable Court dismiss this matter in favor of Defendants, with appropriate costs and attorneys' fees.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

/s/*Andrae D. Smith*
Andrae D. Smith (P69153)

/s/*Letitia C. Jones*
Letitia C. Jones (P52136)

Attorneys for Defendant
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3088 / (313) (313) 237-3002
smithand@detroitmi.gov

Dated: August 30, 2021     jonelc@detroitmi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, I caused to have electronically filed the attached **Defendant City of Detroit Answer and Special & Affirmative Defenses to Plaintiff's Complaint and Reliance on Jury Demand and Certificate of Service** with the Clerk of the Court using the court's E-file & Serve system, which will serve a copy of such filing via email to all attorneys of record.

/s/*Briana Lake*