UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCELLUS BALL,

        Plaintiff,                         Case Number 21-11653
                                                          Honorable David M. Lawson

v.

CITY OF DETROIT, IAN SEVERY, DONNA
MCCORD, and JASON ADAMS,

        Defendants.

_____/

## ORDER OF REFERRAL TO FACILITATIVE MEDIATION

In the interest of facilitating prompt resolution of the above-captioned case, with consent of all parties, and under E.D. Mich. LR 16.4, it is **ORDERED** that this case is hereby referred to facilitative mediation, which shall be conducted in accordance with LR 16.4 and the procedures set forth below. The Court grants permission for Michael Mullally, 38701 Seven Mile Road, Suite 175, Livonia, MI 48152 (734) 744-9822 scheduling@mijadr.com, to serve as Mediator to facilitate the mediation.

The facilitative mediation shall be completed on or before **April 11, 2022**, and shall take place at the time and location designated by the Mediator after consultation with the parties. The Mediator is granted the discretion to schedule additional sessions as necessary to facilitate resolution of this dispute, provided the mediation is completed by the date noted above. All parties or individuals with settlement authority are required to attend the facilitative mediation sessions. All parties are directed to attend all scheduled mediation session(s) with their respective

counsel of record. Corporate parties must be represented by an agent with authority to negotiate a binding settlement. Although the Court generally requires all mediation sessions to be conducted in person, the mediator may depart from this directive if deemed necessary for public health reasons during the COVID-19 pandemic and conduct the session(s) via video conference.

It is **ORDERED** that not less than seven (7) calendar days before the scheduled facilitative mediation session, each party participating must provide the Mediator with a concise memorandum, no more than ten (10) double-spaced pages in length, setting forth the party's position concerning the issues to be resolved through facilitative mediation, including issues of both liability and damages. The Mediator may circulate the parties' memoranda.

It is further **ORDERED** that the Mediator shall encourage and assist the parties in reaching a settlement of their dispute but may not compel or coerce the parties to enter into a settlement agreement.

It is further **ORDERED** that the referral of this case to mediation will not delay or modify any time period relating to its disposition, without express order of the Court. Unless otherwise ordered, parties are not precluded from filing pretrial motions or pursuing discovery.

It is further **ORDERED** that the facilitative mediation shall be conducted in the manner and method prescribed by the Mediator under the following general principle: facilitative mediation, as distinguished from the hybrid process known as "case evaluation" under applicable Michigan Court Rules, is a flexible, non-binding dispute resolution process in which an impartial third party ─ the Mediator ─ facilitates negotiations among the parties to help them reach settlement. A hallmark of facilitative mediation is its capacity to expand traditional settlement discussions and broaden resolution options, often by going beyond the legal issues in controversy. The Mediator, who may meet jointly or separately with the parties, serves as a facilitative mediator only and does

not decide issues or make findings of fact.  *See Judge Deskbook on Court ADR,* National ADR Institute for Federal Judges, Harvard Law School, November 12-13, 1993, p.3.   The Mediator determines the length and timing of the session(s) and the order in which issues are presented, and shall send a notice of the agreed upon time and place to all participating parties.

It is further **ORDERED** that under Federal Rule of Evidence 408, all information disclosed during the facilitative mediation session, including the conduct and demeanor of the parties and their counsel during the proceedings, shall remain confidential, and shall not be disclosed to any other party or to this Court, without the consent of the party about whom the information is disclosed.  The Mediator shall not be called as a witness nor may the Mediator's records be subpoenaed or used as evidence.

It is further **ORDERED** that within ten (10) days of completion of the final facilitative mediation session, the Mediator will file a brief report with the Court stating only who participated in the facilitative mediation session(s) and whether a settlement was reached.  Such post-mediation report is not to contain any additional information which may breach the principles of confidentiality and privacy noted herein.

It is further **ORDERED** that the parties shall pay to the Mediator his or her administrative fee and hourly rate, which shall be divided equally between the parties.

This referral is not a substitute for trial and the above-entitled case will proceed to trial in the event settlement is not reached.

It is further **ORDERED** that the parties shall appear for a post-ADR status conference before this Court on **April 18, 2022, at 2:00 p.m.**

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Date:     January 21, 2022