UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCELLUS BALL,

    Plaintiff,

vs.

CITY OF DETROIT, a municipal corporation, IAN SEVERY, an individual, DONNA McCORD, an individual, and JASON ADAMS, an individual,

    Defendants.

Case No. 21-11653
Hon. David M. Lawson
Magistrate Judge: Kimberly G. Altman

| | |
|---|---|
| JOEL B. SKLAR (P38338)<br>LAW OFFICES OF JOEL B. SKLAR<br>Attorney for Plaintiff<br>500 Griswold, Suite 2450<br>Detroit, MI 48226<br>Phone: (313) 963-4529<br>Fax: (313) 313-963-9310<br>joel@joelbsklarlaw.com<br><br>TODD RUSSELL PERKINS (P55623)<br>STEPHEN J. CHACKO (P78210)<br>PERKINS LAW GROUP, PLLC<br>Attorneys for Plaintiff<br>615 Griswold, Suite 400<br>Detroit, MI 48226<br>(313) 964-1702 | ANDRAE D. SMITH (P69153)<br>LETITIA C. JONES (P52136)<br>CITY OF DETROIT LAW DEPARTMENT<br>Attorneys for Defendants<br>2 Woodward Avenue, Suite 500<br>Detroit, MI 48226<br>Phone: (313) 237-3088 / (313) 237-3002<br>Fax: (313) 224-5505<br>smithand@detroitmi.gov<br>jonelc@detroitmi.gov |

**DEFENDANTS' BRIEF IN REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................ ii

I. INTRODUCTION ........................................................................................................ 1

II. DISCUSSION ............................................................................................................... 1

        A.       Plaintiff ignored his duties in the Department Manual in assessing the "impetus" for his at-issue speech. ....................................................................................... 1

        B.       Plaintiff's assertion that he was not a recipient of Lt. Michael DiCicco's 02/13/19 email is factually incorrect. ............................................................................... 4

CONCLUSION .................................................................................................................... 6

CERTIFICATION PURSUANT TO L.R. 7.1 ..................................................................... 7

CERTIFICATE OF SERVICE ............................................................................................ 7

# INDEX OF AUTHORITIES

**Cases**

*Anderson v. City of Jellico, Tennessee,*
　No. 21-5704, 2022 WL 1308503 (6th Cir. May 2, 2022) ................................................. 3, 4

*DeCrane v. Eckart,*
　12 F.4th 586 (6th Cir. 2021) .......................................................................................... 1, 3

**Other Authorities**

L.R. 7 ................................................................................................................................. i, 1, 7

## I. INTRODUCTION

On August 8, 2022, Plaintiff filed his response to Defendants' Motion for Summary Judgment with the Court. Defendants submit the instant reply pursuant to L.R. 7.1(e)(2)(B).

Plaintiff's attempt to establish that he spoke as a "private citizen" is in complete contravention of his duties contained in Detroit Police Department Manual. (Department Manual). Additionally, Plaintiff's assertion that he was not a recipient of Lt. Michael DiCicco's February 13, 2019 *(see ECF No. 32-11, PageID.1527-1529, Plaintiff's Exhibit J)* is incorrect.

## II. DISCUSSION

### A. Plaintiff ignored his duties in the Department Manual in assessing the "impetus" for his at-issue speech.

Plaintiff correctly cites *DeCrane v. Eckart*, 12 F.4th 586, 596 (6th Cir. 2021) for the proposition that we look to Plaintiff's job duties in determining the impetus for his speech. To that end, a review of Plaintiff's duties set forth in the Department Manual will establish that Plaintiff's at-issue speech fell within the scope of his job duties.

Plaintiff acknowledges that he had duties as a sworn member, Sergeant, and supervisor, that were set forth in the Department Manual. *(see ECF No. 30-3, PageID.350-351, at 16:20-17:9); (ECF No. 30-3, PageID.366-371, at 32:09-37:11); (ECF No. 30-3, PageID.379-385, at 44:13-51:21); (ECF No. 30-15, PageID.967, see "101.2-1 Policy"); (ECF No. 30-15, PageID.973-974, see "101.2-14 Sergeant"); (ECF No. 30-16, PageID.981-982, see "101.10-4 General Expectations," subsection d; and "101.10-6 Secondary Supervisor Responsibilities)* Additionally, The Manual is effectively incorporated by reference into the

1

official job description for "Sergeant." (see ECF No. 30-18, PageID.988, see "Examples of Duties:").

Pursuant to the Manual, sworn members are required to report the misconduct of other members. *(ECF No. 30-14, PageID.953, see "102.3-5.1 General" at subsection 2)*. Plaintiff expressly acknowledged that sworn DPD personnel had a duty to report member misconduct. (ECF No. 30-3, PageID.380-382, at 46:21-48:11). Further, the Manual states that a member's failure to report misconduct and/or take appropriate action was a "prohibited act" in direct violation of department policy. *(ECF No. 30-14, PageID.955, see "102.3-6.1 General" and "102.3-6.2 Accountability," subsection 2); (also see ECF No. 30-14, PageID.958-959, see "102.3-6.14 Job Standards, subsection 7).*

Plaintiff's duty to report misconduct cannot be ignored considering Plaintiff's accusations of the systematic unlawful arrest of citizens stands as the elephant in the room. The Manual explicitly states that probable cause is required to make an arrest, otherwise the arrest is illegal, and can subject the arresting officer, and anyone who aids him, to criminal and /or civil sanctions. *(ECF No. 30-13, PageID.939, see "202.1-1 Purpose" and "202.1-2 Policy"); (ECF No. 30-13, PageID.941, see "202.1-4.3 Illegal Arrest").* Pursuant to the above, officers systematically disregarding probable cause when making arrests are engaging in unlawful conduct. Without question, pursuant to the Manual, Plaintiff had a duty to report the misconduct of officers engaging in the above conduct, as well as anyone who aided them.

The Court's consideration of Plaintiff's Manual mandated duties in assessing whether he engaged in protected speech would be similar to the approach taken in *Anderson v. City of Jellico, Tennessee*, No. 21-5704, 2022 WL 1308503, at *1 (6th Cir. May 2, 2022), a First Amendment Retaliation case.

In *Anderson*, the Chief of Jellico's Police Department, Christopher Anderson, was suspended by Jellico's Mayor and subsequently terminated for objecting to changes in the Police Department during the police committee portion of the city council meeting. *Id*. at *1. The *Anderson* Court evaluated whether Anderson's comments made during the council meeting were constitutionally protected.

The *Anderson* Court reviewed Anderson's job duties, as well as the other *DeCrane* factors, in determining if Anderson was wearing a "public" or "private" hat while addressing city council. *Id*. at *3. The court noted that the police manual mandated that Anderson had the duty to provide advice to city council on matters pertaining to the police department. Relying on plaintiff's duty set forth in the police manual, as well as other relevant factors, the court concluded that plaintiff speech was within his job duties. *Id*.

Like *Anderson*, the Court's consideration of Plaintiff's Department Manual mandated duties, his duties specific to the Precinct Detective Unit, as well as the other relevant factors espoused in *DeCrane,* should lead to the conclusion that Plaintiff's at-issue speech fell within his job duties. Thus, Plaintiff's intra-departmental communications regarding his at-issue concerns is not constitutionally protected.

As a side note, *Anderson* also has additional similarities to the instant matter. Anderson alleged that the Mayor requested that he address Jellico's homeless problem by arresting homeless individuals. *Id*. at *1. Anderson took his concerns about the Mayor's request to the prosecutor. *Id*. Anderson implicitly argued that even if his comments at the council meeting fell within his duties, his communication with the prosecutor did not. *Id*. at *5. However, the *Anderson* Court disagreed, stating that Anderson's communication with the prosecutor owed its existence to his government employment, because Anderson would not have been able to consult with the prosecutor "but for" his position as police chief. *Id*.

Plaintiff finds himself in the same place as Anderson. Plaintiff's conversation with the prosecutors regarding his concerns about the at-issue arrests owed its existence to his role as PDU Sergeant; and he would not have been able to consistently consult with the prosecutors "but for" that role. Given the prior, the Court should come to the same conclusion as the court in *Anderson*.

### B. Plaintiff's assertion that he was not a recipient of Lt. Michael DiCicco's 02/13/19 email is factually incorrect.

Plaintiff claims that he was not a recipient of Lt. Michael DiCicco's February 13, 2019 email *(see ECF No. 32-11, PageID.1527-1529, Plaintiff's Exhibit J)*, which Plaintiff asserts was an instruction to 10th Pct. Officers to make arrests without probable cause. Plaintiff's claim that he was not a recipient of Lt. DiCicco's email is factually incorrect.

A review of Lt. DiCicco's original email identifies Plaintiff as the first listed recipient. *(Reply Brief Exhibit 1, Lt. Michael DiCicco's original February 13, 2019, Email)*. Sgt. Lavon Howell and Sgt. Miguel Benavides are also listed as recipients on Lt. DiCicco's original email.

Plaintiff's Exhibit J consists of Sgt. Howell's out of office reply to Lt. DiCicco's original email; and Sgt. Benavides forward of Lt. DiCicco's email to several others. The date and time stamp of Lt. DiCicco's email contained in Howell's reply and Benavides email corresponds to the date and time of Lt. DiCicco's original email.

In full disclosure, during Defense Counsel's preparation to reply to Plaintiff's Summary Judgement Response, it was discovered that Lt. DiCicco's original February 13, 2019, email was inadvertently omitted from Defendants' production of emails to Plaintiff. Upon discovery of the above error, the document was forwarded to Plaintiff's counsel, via email, on August 12, 2022.

Defendants submit Lt. DiCicco's original email to the Court to ensure that the evidentiary record is factually correct. Additionally, Defendants' production of the emails which comprise Plaintiff's Exhibit J evidence Defendants' intent to produce Lt. DiCicco's February 2019 email.

As a sidenote, Plaintiff misstates the timeline of events relating to his May 27, 2021 interaction with DC Wilson. *(see ECF No. 32, PageID.1272)*. Plaintiff makes it appear as if DC Wilson contacted him after receiving Plaintiff's 6:15 pm text message. The prior mischaracterizes DC Wilson's deposition testimony. A review of the portion of Wilson's

5

deposition testimony cited by Plaintiff (as well as highlighted) clearly indicates that Wilson testified to contacting Plaintiff immediately after receiving Plaintiff's 5:07 pm text message. *(see ECF No. 32-10, PageID.1515, at 14:25-15:24; also see ECF No. 32-10, PageID.1520, at 36:10-37:7).*

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Honorable Court enter summary judgment in their favor, for good cause shown, and issue an order dismissing Plaintiffs' lawsuit in its entirety.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

/s/*Andrae D. Smith*
Andrae D. Smith (P69153)
Attorney for Defendants
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3088
Smithand@detroitmi.gov

/s/*Letitia C. Jones*
Letitia C. Jones (P52136)
Attorney for Defendants
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) (313) 237-3002
Jonelc@detroitmi.gov

Dated: August 22, 2022

6

## CERTIFICATION PURSUANT TO L.R. 7.1

LOCAL RULE CERTIFICATION: I, Andrae Smith, certify that this document complies with Local Rule 5.1 (a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1 (d)(3).

*/s/ Andrae Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2022, I caused to have electronically filed the attached **Defendant's Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment, Reply Exhibits 1 - 2 and Certificate of Service** with the Clerk of the Court using the E-file & Serve system, which will serve a copy of such filing via email to all attorneys of record.

*/s/Myria Ross*